UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW RYAN GABBARD,<br><br>Plaintiff,<br><br>v.<br><br>HYATTE, NETTROUER, A. JOHNSON, T. WHITTAKER, S. BARLOW, KNOFF, BRANDY, SHARP, STARK, THOMPSON, BENNETT, BAKER, and PICKENS,<br><br>Defendants. | CAUSE NO. 3:20-CV-218-JD-MGG |

OPINION AND ORDER

Matthew Ryan Gabbard, a prisoner without a lawyer, filed an amended complaint describing events related to his being sprayed with a chemical agent. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Gabbard alleges he covered his cell windows and set a fire at the Miami Correctional Facility on December 13, 2019. Guards demanded he submit to restraints so he could be securely removed from his cell, but he refused. Because he did not

comply, Correctional Officer S. Barlow opened his cuff port and sprayed him with MK-4, a chemical agent. As a result, Gabbard complied and was removed from the cell.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Here, the facts alleged show Officer Barlow used force to restore discipline after Gabbard refused to be restrained so he could be securely removed from the cell where he had set a fire.

Gabbard alleges he was then taken to a broken shower where Correctional Officer T. Whittaker read him the administrative warning for the chemical agent with which he had been sprayed. During the fifteen minutes he spent in the broken shower before he was relocated to a working shower, Gabbard used a wet t-shirt given to him by a fellow inmate to decontaminate his face. Thus, he was able to begin decontaminating himself during those fifteen minutes. "[S]imilarly brief delays in receiving care after being pepper sprayed are insufficient to state a claim for medical deliberate indifference." *Candler v. Prather*, 2020 WL 2193264, at *4 (E.D. Cal. 2020) (Collecting cases). In *Candler*, "[t]he amount of time that lapsed between the deployment of pepper spray and plaintiff's decontamination shower was

2

approximately twenty minutes." *Id*. at 1. As with the plaintiff in *Chandler*, this "complaint d[oes not] allege any specific harm resulting from the delay (other than the obvious discomfort which attends all deployment of pepper spray)." *Id*. at 4. "And, even assuming Officer Pimentel caused a one-hour delay before Hernandez was first decontaminated, there is no [allegation] any harm resulted. *Hernandez v. Woods*, 731 F. App'x 643, 646 (9th Cir. 2018). Therefore, the complaint does not state a claim for a fifteen minute delay before being taken to a working shower.

Gabbard alleges he was then placed in a strip cell for 24 hours. While there, he alleges Correctional Officers A. Johnson and T. Whittaker removed the personal property from his cell, but did not clean the cell of residue left from the deployment of the chemical agent. He does not allege his property was damaged or destroyed – only that it was moved. He does not allege it was wrong for them to have moved it – only that they should have also cleaned his cell at the same time. It is unclear why Gabbard believes it was the job of correctional officers to clean his cell. Later in the complaint, he mentions cleaning crews who move around the prison. "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 . . .." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). However, even if it was their job, Gabbard could not have suffered any injury until after he was returned to the cell. Because he does not allege either Officer

3

Johnson or Whittaker put him into (nor forced him to remain in) a cell which caused him harm, the complaint does not state a claim against them merely for not cleaning it.

Gabbard alleges he returned to his cell the next day. He says the lights were off and he did not notice it had not been cleaned. It is unclear how long he was in the cell (or what he was doing) before the lights were turned on, but it was only then he discovered the cell had not been cleaned. At that time, the residue of the chemical agent was not irritating his eyes, nose, or skin because he only noticed it when he could see it. He says he told officers on December 14, 2019, his cell needed to be cleaned. He makes no mention of asking anyone about cleaning his cell on December 15, 2019. He makes no mention of any ill effects until the evening of December 16, 2019, when he says he was having skin irritation. From then until sometime the next day when Lt. Thompson gave him cleaning supplies, Gabbard alleges he told eight guards he was having ongoing skin irritation and needed his cell to be cleaned: Correctional Officers Knoff, Stark, and Baker; Sergeants A. Brandy and D. Sharp; Lt. Thompson; and Captains Bennett and Pickens.

"In order for a prison official to be liable under the Eighth Amendment, two requirements must be met. First, the inmate must demonstrate that the deprivation suffered was, objectively, sufficiently serious. That is, the prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Williams v. Shah*, 927 F.3d 476, 479–80 (7th Cir. 2019) (quotation marks and citation omitted). "Second, the inmate must demonstrate that the prison official had a sufficiently culpable state of mind. In a case involving prison conditions, that state of

4

mind is deliberate indifference to inmate health or safety." *Id*. at 480. The Eighth Amendment requires prison officials "must provide humane conditions of confinement . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (*quoting Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). However, conditions of confinement must be severe to support an Eighth Amendment claim. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012).

Here, Gabbard alleges he had a skin irritation for a day or two before he was given supplies to clean his cell on December 17, 2019. While that was undoubtedly, uncomfortable, perhaps even harsh, the facts presented do not plausibly allege he was denied the minimal civilized measure of life's necessities or that any of the defendants were deliberately indifferent to his health and safety.

Neither do the facts plausibly allege a denial of medical treatment. Gabbard alleges after his cell was cleaned, he "would sneeze, itch, occasionally get reactivation effects from touching things and my ventilation stirring up the air in my cell." ECF 13 at 10. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On

5

the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Here, Gabbard does not say he told any of the defendants about these lingering conditions after he cleaned his cell. Neither does he allege he requested any medical treatment for them.

This complaint does not state a claim for which relief can be granted. Nevertheless, Gabbard may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library.

For these reasons, the court: (1) GRANTS Matthew Ryan Gabbard until **September 30, 2021**, to file an amended complaint; and

(2) CAUTIONS Matthew Ryan Gabbard if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT